

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

FILED
IN CLERKS OFFICE

2008 DEC 23  A 9: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

08 cr-10404 PBS

December 10, 2008

Mark W. Pearlstein
McDermott Will & Emery
28 State Street
Boston, Massachusetts 02109

      Re:   <u>United States v. ExxonMobil Pipeline Company</u>

Dear Counsel:

This letter sets forth an agreement between the United States Attorney for the District of Massachusetts and the Department of Justice Environmental Crimes Section (hereinafter "the United States" or "the government"), and your client, ExxonMobil Pipeline Company ("ExxonMobil" or "Defendant"). The agreement is as follows:

    1.    <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to an Information charging it with violating 33 U.S.C. § 1319(c)(1) (the Clean Water Act). Defendant expressly and unequivocally admits that it in fact committed the crime charged in the Information, and is in fact guilty of the offense. By entering the guilty plea, Defendant hereby waives all objections to the form of the charging document, admits that it is in fact guilty of the offense set forth in the Information and that the attached ExxonMobil Pipeline Factual Statement dated this same day is an accurate statement of its conduct.

    2.    <u>Penalties</u>

Defendant understands that the maximum statutory penalties applicable to a corporate Defendant for a violation of 33 U.S.C. § 1319(c)(1) are: a fine of two hundred thousand dollars or twice the gross gain or loss resulting from the unlawful conduct, pursuant to 18 U.S.C. § 3571(d) (the "alternate fines" statute); a term of probation of five (5) years, pursuant to 18 U.S.C. § 3561(c)(2); and a special assessment of one hundred-twenty-five dollars ($125.00), pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii).

3.  <u>Sentencing Guidelines</u>

The Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG") promulgated by the United States Sentencing Commission provide guidance for the sentencing of corporate defendants, except that pursuant to USSG §§ 8C2.1 and 8C2.10, the Guidelines that pertain to the sentencing of organizations do not determine the fine range in cases involving environmental crimes. All other sections of Chapter Eight of the Sentencing Guidelines that are applicable to corporate defendants are applicable to this case, including provisions for probation and community service.

4.  <u>Corporate Authorization</u>

The government agrees that the Defendant may enter its guilty pleas through Gary Pruessing, President of ExxonMobil. Within one week of the execution of this plea agreement, the Defendant will provide to the United States and to the Court written evidence, in the form of a notarized resolution of its Board of Directors, certifying that Defendant is authorized to plead guilty to the Information in this case, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that Gary Pruessing has been approved by the Defendant's board of directors to enter the guilty pleas, and that all such corporate formalities to effectuate such authorization have been observed.

5.  <u>Agreed Disposition</u>

The government and Defendant agree pursuant to Fed.R.Crim.P. 11(c)(1)(C) that the following is the appropriate disposition of this matter:

   A.  <u>Total Monetary Payment</u>. At the time of sentencing, the defendant shall make total monetary payments in the amount of $6,179,634.00, which is comprised of a fine, special assessment, community service payment, and restitution for the cleanup of the spill.

      1.  <u>Fine</u>. At the time of sentencing, the Defendant shall pay a total criminal fine in the amount of $359,018.00 to be tendered by check to "Clerk, United States District Court, District of Massachusetts."

      2.  <u>Mandatory Special Assessment</u>. At the time of sentencing, Defendant shall pay a special assessment of $125.00 to be tendered by check to "Clerk, United States District Court, District of Massachusetts."

      3.  <u>Community Service Payment</u>. At the time of sentencing, the defendant shall make a community service payment in the amount of $5,640,982.00 to the North American Wetlands Conservation Act Fund (the "NAWCA Fund"), established pursuant to 16 U.S.C.

2

> §§ 4401-4412 in order "to protect, enhance, restore, and manage . . . wetland ecosystems and habitats associated with wetland ecosystems and other fish and wildlife in North America." 16 U.S.C. § 4401(b)(1). The funds shall be used without undue delay by the NAWCA Fund, or by non-profit organizations selected by the NAWCA Fund following the issuance of a request for proposals and review of submitted proposals, exclusively for qualified coastal wetland restoration projects within the District of Massachusetts, with preference to qualified coastal wetland restoration projects along the Mystic River.
>
> Because the community service payment is designated as community service by an organization, Defendant further agrees that it will not seek any reduction in its tax obligations as a result of this community service payment. In addition, since these payments constitute community service, defendant will not characterize, publicize or refer to this community service payment as a voluntary donation or contribution.

    4.    <u>Cleanup Costs</u>. At the time of sentencing, the Defendant shall pay the cost of cleaning up the spill; that is, $179,509.00, to be tendered by check to the "United States Coast Guard."

B.    <u>Probation</u>. Defendant will be placed on probation for a period of three years pursuant to 18 U.S.C. § 3561(c)(2) and USSG §§ 8D1.1 and 8D1.2.

C.    <u>Environmental Compliance Program</u>. As condition of probation, the defendant agrees to develop, adopt, implement, fund and comply with an Environmental Compliance Plan ("ECP"). The ECP is filed in this matter and is incorporated herein by reference.

D.    <u>Public Apology</u>. Defendant's authorized representative shall, at the time of sentencing, publicly apologize, in court and on the record for the conduct by the Defendant giving rise to the charge in this matter.

6.    <u>Application of the Agreement</u>.

This Agreement shall bind Defendant, and its subsidiaries and successors. Defendant shall provide to each undersigned prosecuting office and the United States Probation Office with prior notice of any name change, business reorganization, sale or divestiture or similar action affecting this Agreement or the ECP. Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement. Notwithstanding the provisions of Paragraph 6, neither this Agreement nor the ECP shall preclude the sale of the marine distribution facility in Everett, Massachusetts during the period of probation to a third party not

affiliated with the Defendant. In the event of such sale, Defendant shall continue to be bound by this Agreement, including the ECP.

7. Who is Bound by the Agreement

Defendant understands and agrees that, with the exception of the U.S. Attorney's Office for the District of Massachusetts and the Environmental Crimes Section, neither this paragraph nor this Agreement limits the prosecuting authority of any sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of Defendant to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Agreement applies only to crimes committed by ExxonMobil and has no effect on any proceedings against any other entity or individual, including the actual or potential criminal liability of any individuals.

This Agreement does not limit the right of the Defendant or the government to speak at the time of sentencing or in connection with any pre-sentence investigation to provide the Court or the United States Probation Office with evidence of all relevant conduct committed by the Defendant.

8. Probation Office Not Bound by Agreement

The sentencing disposition agreed upon by the parties is not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw its plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations or the Speedy Trial Act.

9. Defendant's Statement of Facts

Defendant agrees to submit to the Court a statement of facts in the form attached hereto. Defendant further agrees that, should the Court require a Presentence Report, it will provide all relevant information requested by the United States Probation Office.

10. Withdrawal of Plea Agreement

Should Defendant move to withdraw its guilty plea at any time, this Agreement shall be null and void at the option of the government.

11.  **Breach of Agreement**

If the government determines that Defendant has failed to comply with any provision of this agreement, or has committed any crime in connection with the operation of the marine distribution terminal in Everett, Massachusetts during the pendency of this agreement, the government may, at its sole option, be released from its commitments under this agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The government may also pursue all remedies available under the law, irrespective of whether it elects to be released from its commitments under this agreement. The parties agree that the Defendant's failure to comply with the requirements of NPDES Permit MA 0000833 (or any interim EPA agreement or order intended to ensure compliance with this permit or any revision of this permit), should that occur during the period of probation, shall not be considered a breach of this Agreement.

Defendant recognizes that no such breach by it of any obligation under this agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that should any such breach of this agreement occur, the government will have the right to use against Defendant before any grand jury, at any trial, hearing or for sentencing purposes, any statements made by its employees and agents, and any information, materials, documents or objects provided by Defendant to the government pursuant to this agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations or the Speedy Trial Act for 90 days following any breach of the agreement, except to the extent that such defenses existed as of the date of the signing of this Agreement.

12.  **Complete Agreement**

This Agreement is the complete and only agreement between the parties. No promises, agreements or conditions have been entered into other than those set forth in this letter. This agreement supersedes prior understandings, whether written or oral. This agreement cannot be modified other than in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement entered into between the government and Defendant, please sign the Acknowledgment of Plea Agreement below, and affix Defendant's corporate seal. Please also have the signatures of the corporate signatories notarized. In

addition, please provide a copy of the requisite authorization by Defendant's directors to enter into this agreement (the original to be provided to the Court). Return the original of this letter to Assistant United States Attorney Jonathan F. Mitchell.

Sincerely,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney | RONALD J. TENPAS<br>Assistant Attorney General<br>Environment & Natural Resources<br>U.S. Department of Justice |
| By: /s/ Diane C. Freniere<br>DIANE C. FRENIERE, Chief<br>White Collar Crime Section<br>PAUL G. LEVENSON<br>Chief, Economic Crimes Unit<br>JONATHAN F. MITCHELL<br>Assistant U.S. Attorney<br>ANDREW LAUTERBACK<br>Special Assistant U.S. Attorney<br>LCDR RUSSELL E. BOWMAN<br>Special Assistant U.S. Attorney | /s/ Gary Donner<br>GARY DONNER<br>Trial Attorney<br>Environmental Crimes Section |

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter of agreement in its entirety, and have discussed it with the directors of ExxonMobil Pipeline Company and with its attorneys. I hereby represent that I am an officer of Defendant corporation and that I am duly authorized to enter into this agreement. I hereby acknowledge that this letter of agreement fully sets forth the agreement between ExxonMobil Pipeline Company and the United States. I further state that there have been no additional promises or representations made to or for the benefit of ExxonMobil Pipeline Company by any officials of the United States in connection with this matter.

_____
For Defendant

Date:

Corporate Seal:

Before me on this 15th day of December appeared Jimmie James, Vice President of ExxonMobil Pipeline Company, who acknowledged that he executed the foregoing document on behalf of ExxonMobil Pipeline Company.



_____
Laverne M. Ford

LAVERNE M. FORD
Notary Public, State of Texas
My Commission Expires
October 28, 2012

I certify that this plea Agreement letter has been reviewed by a duly authorized official of ExxonMobil Pipeline Company and that he understands its terms.

_____
Date: 12-16-08
Mark W. Pearlstein, Esq.
Counsel for ExxonMobil Pipeline Company

# EXXONMOBIL PIPELINE COMPANY

## BOARD OF DIRECTORS WRITTEN CONSENT TO ACTION IN LIEU OF MEETING

### Pursuant to Section 141(f) of the General Corporation Law of Delaware

We, the undersigned, who as of this date constitute the entire Board of Directors of ExxonMobil Pipeline Company, a Delaware corporation, do hereby consent to and ratify the adoption of the following resolutions.

WHEREAS, ExxonMobil Pipeline Company (the "Company") currently provides the management and employees for operation of Exxon Mobil Corporation's marine distribution terminal in Everett, Massachusetts (the "Terminal") and did so in January 2006; and

WHEREAS, on the morning of January 10, 2006, while the tanker M/V Nara was offloading petroleum products at the Terminal, Low Sulfur Diesel fuel was discovered in the Island End River and, on January 11, 2006, the U.S. Coast Guard discovered a visible sheen of petroleum in the water in the immediate vicinity of Berth 1 of the Terminal; and

WHEREAS, after investigating the facts giving rise to the occurrences regarding the offloading of the M/V Nara on January 9 - 11, 2006, the United States has elected to file the attached Information charging the Company with a negligent unpermitted discharge of Low Sulfur Diesel Fuel into the waters of the United States, in violation of 33 U.S.C. § 1319(c)(1); and

WHEREAS, while the management of the Company does not agree with the statement of the government's case in all of its particulars as charged in the Information, it has been proposed that the Company enter into the attached Plea Agreement to resolve the violation charged in the Information; and

WHEREAS, upon being fully advised by counsel of the terms of the Plea Agreement, the Board of Directors is of the opinion that the Company should enter into the Plea Agreement and, per the terms of the agreement, enter a plea of guilty to the charge that it negligently caused the unpermitted discharge of Low Sulfur Diesel Fuel into the waters of the United States, in violation of 33 U.S.C. § 1319(c)(1).

NOW, THEREFORE, IT IS RESOLVED, that ExxonMobil Pipeline Company approves the attached Plea Agreement and the Company is authorized to plead guilty to the charge that it negligently caused the unpermitted discharge of Low Sulfur Diesel Fuel into the waters of the United States, in violation of 33 U.S.C. § 1319(c)(1), and to enter into and comply with all provisions of the Plea Agreement; and

IT IS FURTHER RESOLVED, that Gary W. Pruessing, President of the Company, is authorized to appear on behalf of the Company and to enter a guilty plea for the Company to charge set forth in the Information; and

IT IS FURTHER RESOLVED, that the President or any Vice President of the Company is authorized, on behalf of the Company, to execute the Plea Agreement, the ExxonMobil Pipeline Factual Statement, and any other document necessary for the resolution of this matter; and

IT IS FURTHER RESOLVED, that upon execution of this Consent all corporate formalities required for the authorizations described herein shall have been accomplished and this Consent is effective as of December 15, 2008.

IN WITNESS WHEREOF, this Consent was executed as of the last date indicated below.

_____    12-19-08
D. M. Houston              Date

_____    12-19-08
G. W. Pruessing            Date

_____    12-18-08
P. T. Doolan               Date

_____    12-19-08
J. E. James                Date



LAVERNE M. FORD
Notary Public, State of Texas
My Commission Expires
October 28, 2012

Laverne M. Ford
12/19/2008

2